## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| NAOMI EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cv-16871 |
| | ) | |
| v. | ) | The. Hon. Judge |
| | ) | |
| STARBUCKS CORPORATION d/b/a | ) | |
| STARBUCKS COFFEE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

NAOMI EDWARDS (Plaintiff or Edwards) by and through her undersigned counsel, Cass Thomas Casper, Esq., DISPARTI LAW GROUP, P.A., complains as follows against the STARBUCKS CORPORATION d/b/a/ STARBUCKS COFFEE COMPANY ("Defendant").

## NATURE OF THE CASE

1.  This is a claim by Plaintiff against Defendant for violations of Title VII of the Civil Rights Act of 1964 and 42 U.S.C § 1981 based upon discrimination in the rate of pay on the basis of her race (black), and for retaliation for her termination occurring on October 20, 2023 following her reporting of race discrimination in her rate of pay.

2.  At all times relevant since on or about her date of hire in 2015, Plaintiff has been a Store Manager for various Starbucks location throughout the Chicagoland area and was paid a base salary of $50,000 for work performed as a Store Manager at the following locations: 35th and State, 311 South Wacker, 303 West Madison, and for some portions of time that she worked at 55th and Woodlawn,

3.  Other non-Black Store Managers, however, were paid a base salary of $73,000.

4.  Plaintiff seeks back pay for the salary differential between her base salary and $73,000

for each year that she was paid a base salary less than white Store Managers in the Chicagoland area.

5.   Plaintiff raised the pay disparity issue on various dates, including on October 16, 2023. On October 20, 2023, she was terminated based on phony, false reasons that are a pretext for retaliation based upon her protected reporting.

## JURISDICTION AND VENUE

6.   Jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1337 and pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended ("Title VII"), as well as under 42 U.S.C. § 1981.

7.   This Court has jurisdiction to award reasonable attorneys' fees and costs pursuant to Title VII and 42 U.S.C. § 1988.

8.   Venue is proper under 28 U.S.C. § 1391 because the events and omissions giving rise to the claims herein have occurred in this judicial district, and because Defendants maintain places of operation within this judicial district.

## PARTIES

9.   Plaintiff is a legal adult, a resident of this judicial district, and, at all times relevant, has been an employee of the Defendant within the meaning of Title VII and IHRA.

10. Defendant is a Washington corporation doing business in Illinois under an assumed name of Starbucks Coffee Company.

11. Defendant is engaged in an industry affecting commerce and has at all times relevant had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current and preceding calendar years.

12. Defendant is an "employer" within the meaning of Title VII.

## ADMINISTRATIVE PREREQUISITES

13. Plaintiff filed a Charge of Discrimination ("Charge") based on the wage and retaliation claims stated herein that was subsequently assigned EEOC Number 440-2024-00293.

14. Plaintiff's Charge alleged that, due to the pay disparity, she suffered race discrimination in violation of Title VII, and that she was fired for reporting it. A true and accurate copy of Plaintiff's Charge is attached hereto as Exhibit 1.

15. On October 23, 2023, Plaintiff received a right to sue letter from the EEOC. A true and accurate copy of Plaintiff's right to sue letter is attached hereto as Exhibit 2.

16. All administrative prerequisites to filing this lawsuit have been exhausted, and Plaintiff timely files this suit within 90 days of receipt of her right to sue letter.

## STATEMENT OF FACTS

### I.    Facts Relating To Wage Differential Between Plaintiff And White Store Managers.

17. At all times relevant, Plaintiff has been employed in the job title of Store Manager for Defendant at various Chicago locations, including 35th and State, 311 South Wacker, 303 West Madison, and for some portions of time that she worked at 55th and Woodlawn,

18. Plaintiff's base salary was $50,000 starting on or about January 15, 2015 at the 35th and State location.

19. Plaintiff's base salary increased to $61,961 on or about October 4, 2021.

20. Plaintiff's base salary increased to $69,061 on or about August 1, 2022.

21. Plaintiff's base salary increased to $73,895 on or about October 3, 2022.

22. Plaintiff has consistently been paid less than white Store Managers.

23. For example, a white Store Manager named Crystal working at the 53rd and Lake Park

location has been making a base salary of at or near $73,000 since at least October 2021 and possibly earlier.

24. On information and belief, Plaintiff has been being paid consistently less than other white Store Managers throughout the Chicagoland area.

25. No reasonable explanation exists for the pay disparity between Plaintiff's base salary differential vis-à-vis white Store Managers in the Chicagoland area.

26. Plaintiff seeks back wages, back benefits, interest, attorneys' fees and costs from the start of her employment up through her separation from the company on October 20, 2023 and/or such remedies for as far back as allowed by law to correct such wage differential.

## II.    Facts Relating To Retaliation For Complaining About Wage Discrimination.

27. Plaintiff has consistently been reporting the race-based wage disparity issue to her direct supervisor and others on various dates up through her termination on October 20, 2023.

28. On October 16, 2023, Plaintiff complained about race discrimination in her rate of pay to Christina Karasek via email.

29. On October 20, 2023, Plaintiff was presented a Notice of Separation terminating her employment for rule infractions that were false and pretextual.

30. Despite the Notice of Separation, Plaintiff at all times had been performing her job satisfactorily.

31. Plaintiff's termination was in retaliation for her protected reporting about race discrimination her rate of pay.

## COUNT 1 – RACE DISCRIMINATION IN VIOLATION OF TITLE VII
## (PAY DIFFERENTIAL)
(Plaintiff v. Defendant)

32. Plaintiff realleges, restates, and incorporates by reference Paragraphs one through

31 of this Complaint as if fully restated herein.

33. Plaintiff is black.

34. Plaintiff held the position of Store Manager between January 15, 2015 and October 23, 2023 at various Starbucks locations in the Chicagoland area.

35. Plaintiff has consistently been paid between less than white Store Managers for no legitimate reason other than her race.

36. Plaintiff's pay differential vis-à-vis her white counterparts constitutes race discrimination within the meaning of Title VII.

37. Plaintiff has suffered damages, to include, but not limited to, lost pay and lost benefits in the amount of the pay differential.

38. Based on the foregoing, Plaintiff has suffered discrimination based upon her race in violation of Title VII

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment in her favor, and against Defendant, and enter and order all appropriate relief, including, but not limited to, compensatory damages in an amount to determined by a jury, lost pay and benefits to the extent of the differential between Plaintiff and comparable white Store Managers from a date determined by the Court to the date of final judgment in this case, reasonable attorney's fees and costs, and all other available and appropriate relief that this Court finds just and proper.

## COUNT 2 – RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981 (PAY DIFFERENTIAL)
(Plaintiff v. Defendant)

39. Plaintiff realleges, restates, and incorporates by reference Paragraphs one through 31 of this Complaint as if fully restated herein.

40. Plaintiff is black.

41. Plaintiff held the position of Store Manager between January 15, 2015 and October 23, 2023 at various Starbucks locations in the Chicagoland area.

42. Plaintiff has consistently been paid between less than white Store Managers for no legitimate reason other than her race.

43. Plaintiff's pay differential vis-à-vis her white counterparts constitutes race discrimination within the meaning of 42 U.S.C. § 1981.

44. Plaintiff has suffered damages, to include, but not limited to, lost pay and lost benefits in the amount of the pay differential.

45. Based on the foregoing, Plaintiff has suffered discrimination based upon her race in violation of 42 U.S.C. § 1981.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment in her favor, and against Defendant, and enter and order all appropriate relief, including, but not limited to, compensatory damages in an amount to determined by a jury, reasonable attorney's fees and costs, and all other available and appropriate relief that this Court finds just and proper.

## COUNT 3 – RACE DISCRIMINATION IN VIOLATION OF TITLE VII (RETALIATION)
(Plaintiff v. Defendant)

46. Plaintiff realleges, restates, and incorporates by reference Paragraphs one through 31 of this Complaint as if fully restated herein.

47. Plaintiff is black.

48. Plaintiff held the position of Store Manager between January 15, 2015 and October 23, 2023 at various Starbucks locations in the Chicagoland area.

49. Plaintiff has consistently been paid between less than white Store Managers for no legitimate reason other than her race.

50. Plaintiff complained about the pay differential based upon race at least as of October 16, 2023.

51. Plaintiff was fired on October 20, 2023.

52. At all times relevant, Plaintiff had been performing her job satisfactorily.

53. Plaintiff's termination was based upon phony, untrue reasons that are a pretext for retaliating against her because of her protected reporting of racially disparate wages.

54. Plaintiff has suffered damages, to include, but not limited to, job loss, lost pay and benefits, and emotional distress.

55. Based on the foregoing, Plaintiff has suffered retaliation for protected reporting of race discrimination in wages in violation of Title VII.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment in her favor, and against Defendant, and enter and order all appropriate relief, including, but not limited to, reinstatement, compensatory damages in an amount to determined by a jury up to $300,000, lost pay and benefits, reasonable attorney's fees and costs, and all other available and appropriate relief that this Court finds just and proper.

## COUNT 4 – RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981 (RETALIATION)
(Plaintiff v. Defendant)

56. Plaintiff realleges, restates, and incorporates by reference Paragraphs one through 31 of this Complaint as if fully restated herein.

57. Plaintiff is black.

58. Plaintiff held the position of Store Manager between January 15, 2015 and October 23, 2023 at various Starbucks locations in the Chicagoland area.

59. Plaintiff has consistently been paid between less than white Store Managers for no

legitimate reason other than her race.

60. Plaintiff complained about the pay differential based upon race at least as of October 16, 2023.

61. Plaintiff was fired on October 20, 2023.

62. At all times relevant, Plaintiff had been performing her job satisfactorily.

63. Plaintiff's termination was based upon phony, untrue reasons that are a pretext for retaliating against her because of her protected reporting of racially disparate wages.

64. Plaintiff has suffered damages, to include, but not limited to, job loss, lost pay and benefits, and emotional distress.

65. Based on the foregoing, Plaintiff has suffered retaliation for protected reporting of race discrimination in wages in violation of 42 U.S.C. § 1981.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment in her favor, and against Defendant, and enter and order all appropriate relief, including, but not limited to, reinstatement, compensatory damages in an amount to determined by a jury up to $300,000, lost pay and benefits, reasonable attorney's fees and costs, and all other available and appropriate relief that this Court finds just and proper.

## JURY TRIAL DEMANDED

*Electronically filed: December 18, 2023*

Respectfully submitted,

NAOMI EDWARDS

BY:    */s/ Cass T. Casper*
_____
Her Attorney

*Cass T. Casper, Esq.*
DISPARTI LAW GROUP, P.A.
121 West Wacker Drive, Suite 2300

Chicago, Illinois 60601
Phone: (312) 506-5511 ext. 331
Email: ccasper@dispartilaw.com